Richard Louis **HINDE** and
**Housesearch, Inc.,**
**Appellants,**

v.

Helen Marlene **HINDE, Appellee.**

No. 2–84–117–CV.

Court of Appeals of Texas,
Fort Worth.

May 16, 1985.

David Westfall, John R. Guittard, Counts, Dodge, Ringer & McInerney, Dallas, for appellants.

Kelsey, Gregory, Holt & Phillips and Richard H. Kelsey, Denton, for appellee.

Before JORDAN, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal from a judgment rendered on a divorce settlement agreement.

The judgment is reversed and the cause remanded to the trial court because we find the judgment is not sufficiently definite.

At the time of their divorce, appellant and appellee entered into a settlement agreement. Subsequent to the divorce, the appellee filed two suits on the agreement. One of the suits alleged that there had been a breach of the contractual obligations by appellant, and the other suit sought a declaration of the rights of the parties with regard to the settlement agreement. The two suits were consolidated for trial and the case was tried on a non-jury basis. The judgment rendered was generally favorable to appellee. Appellant has filed ten points of error which generally allege no evidence, insufficient evidence, and deficiencies in the pleadings. We are unable to address appellant's points of error because we find the judgment rendered to be fundamentally deficient, even though such deficiency has not been alleged by either party.

The judgment in this case provides in part as follows:

The Court further finds that RICHARD L. HINDE deliberately and willfully cancelled the $200,000.00 face value life insurance policy with Anchor Life Insurance Company which was the property of HELEN MARLENE HINDE. The Court further finds that the value of such policy at the time of such cancellation was $25,000.00. The Court further finds that such policy might be capable of being reinstated for a fee of $1,721.42.

The Court awards HELEN MARLENE HINDE the sum of $25,000.00 damages for such policy; however, if RICHARD L. HINDE shall cause such policy to be fully and unconditionally reinstated according to its original terms and conditions at his expense, RICHARD L. HINDE shall be credited against the amount of this judgment as a payment thereon the sum of $25,000.00;

Provided further, that if this judgment shall become final without such policy

being reinstated, such credit shall not thereafter be allowed.

\* \* \* \* \* \*

It is accordingly ordered that HELEN MARLENE HINDE have and recover of and from the Defendant, RICHARD L. HINDE the sum of $49,547.11, as damages for breach of contract, less any applicable credit for reinstatement of the Anchor Life Insurance policy.

 Examining the judgment itself, it is impossible to determine whether the judgment is for the sum of $49,547.11 or for the sum of $24,547.11. A judgment must be sufficiently definite and certain to define and protect the rights of all litigants or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without the ascertainment of facts not therein stated. *Steed v. State,* 143 Tex. 82, 183 S.W.2d 458, 460 (1944); *American Casualty and Life Insurance Co. v. Boyd,* 394 S.W.2d 685, 688 (Tex.Civ. App.—Tyler 1965, no writ). A purported judgment which leaves undecided a question or issue essential to the determination of controversy between parties is bad for vagueness and uncertainty. *Id.* at 686. A judgment may not rest upon what may or may not occur after its rendition, and must take its validity from the action of the court and not from what persons may or may not do after the court has rendered the judgment. *Roberts v. Brittain,* 659 S.W.2d 750, 751 (Tex.App.—Tyler 1983, no writ); *Tully v. Tully,* 595 S.W.2d 887, 888 (Tex.Civ.App.—Austin 1980, no writ).

If the district clerk of Denton County, Texas were requested to issue a writ of execution on the judgment in question, it would be impossible to issue such writ due to the indefinite amount of the judgment.

Rather than remanding for a new trial, in the interest of justice and judicial economy, the cause is remanded to the trial court for an evidentiary hearing as to whether the life insurance policy in question was reinstated prior to the time the judgment ordinarily would have become final. The judgment should then be reformed and rendered according to the finding at such evidentiary hearing. Since the reformed judgment will constitute the final judgment in this case, if appeal is desired, it must be reinstituted.

The judgment is reversed and the cause remanded to the trial court for the additional procedures specified above.