**Richard Louis HINDE and Housesearch, Inc.**

v.

**Helen Marlene HINDE.**

No. C–4364.

Supreme Court of Texas.

Oct. 23, 1985.

Rehearing Denied Jan. 22, 1986.

Counts, Dodge, Ringer & McInerney, John R. Guittard, David Westfall, Dallas, for petitioner.

Kelsey, Gregory, Holt & Phillips, Richard H. Kelsey, Denton, for respondent.

## PER CURIAM.

This is a suit on a divorce property settlement agreement. The trial court awarded Marlene Hinde $49,547.11 payable by Richard Hinde in cash or partly in cash and partly by reinstating a $25,000.00 insurance policy. The court of appeals, on an unbriefed point, reversed and remanded, holding the judgment too indefinite to be final and appealable. 689 S.W.2d 519. We grant the writ of error and pursuant to Tex.R.Civ.P. 483, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to that court for consideration of the points of error before it.

On divorce in 1982, Marlene and Richard Hinde reached a property settlement agreement creating ongoing contractual obligations. Marlene Hinde brought this suit in 1983 against Richard Hinde for breach of contract and for declaration of property rights. The jury findings pertinent to this appeal are that Richard Hinde breached parts of the contract and wrongfully cancelled an insurance policy. After deducting credits, the trial court rendered judgment for Marlene Hinde, which states in part:

> The Court awards HELEN MARLENE HINDE the sum of $25,000.00 damages for such policy; however, if RICHARD L. HINDE shall cause such policy to be fully and unconditionally reinstated according to its original terms and conditions at his expense, RICHARD L. HINDE shall be credited against the amount of this judgment as a payment thereon the sum of $25,000.00;
>
> Provided further, that if this judgment shall become final without such policy being reinstated, such credit shall not thereafter be allowed.
>
> It is accordingly ordered that HELEN MARLENE HINDE have and recover of and from the defendant, RICHARD L. HINDE, the sum of $49,547.11, as damages for breach of contract, less any applicable credit for reinstatement of the Anchor Life Insurance policy.

The court of appeals held that the provision allowing Richard Hinde a payment credit for reinstating the insurance policy defeated the judgment's finality for appellate purposes. According to the court of appeals, the credit made the judgment indefinite and its amount uncertain so that a district clerk preparing a writ of execution could not ascertain the amount of the judgment. After holding the judgment fundamentally deficient, the court of appeals reversed and remanded the cause to the trial court to determine whether Richard Hinde had reinstated the policy and to render an appropriate judgment.

Absent certain exceptions not applicable here, appellate courts can review only final and definite judgments. A final judgment fully disposes of all issues and all parties in the lawsuit. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966).

> A judgment must [also] be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment to execution without ascertainment of facts not therein stated.

*Steed v. State,* 183 S.W.2d 458, 460 (Tex. 1944). Thus, a judgment cannot condition recovery on uncertain events, or base its validity on what the parties might or might not do post-judgment.

However, a judgment which settles all the legal issues and rights between the parties is final and appealable "though further proceedings may be necessary in the execution of it or some incidental or dependent matter may still remain to be settled." *Hargrove v. Insurance Investments Corporation,* 176 S.W.2d 744, 747 (Tex.1944). In *Hargrove,* this court held final a judgment which awarded Hargrove damages for breach of contract but delayed payment and provided for a credit depending on the outcome of a pending suit between different parties. Later in *Ferguson v. Ferguson,* 338 S.W.2d 945 (Tex. 1960), this court approved a judgment which awarded wife one-half of the profits of husband's business and ordered husband to furnish a future accounting to decide the amount of the profits. The court viewed the rendering of the accounting and profits as a "ministerial act incident to the final judgment." *Ferguson,* 338 S.W.2d at 947.

We hold that the decision of the court of appeals conflicts with *Hargrove* and *Ferguson.* The trial court's judgment is final and definite for appellate purposes: final because it disposes of all issues and all parties; definite because it neither conditions nor clouds with uncertainty the rights and obligations it establishes. While lacking precision elsewhere, the judgment clearly establishes Marlene Hinde's right to receive $49,547.11 from Richard Hinde. The clerk can enter this as the amount upon which to execute. The credit which concerns the court of appeals speaks not to the *value* of compensation owed to Marlene Hinde, but to the *form* of compensation owed by Richard Hinde. He may satisfy the $49,547.11 judgment by paying it all in cash or by paying $24,547.11 in cash and the balance by reinstating the $25,000.00 insurance policy. Under either method of payment, Marlene Hinde will receive the value of $49,547.11 or, in default, writ of execution will issue for that amount.

The court of appeals was concerned that a district clerk could not ascertain the amount of the judgment when preparing a writ of execution. The judgment provides that if it becomes final before Richard Hinde reinstates the policy, his credit will not be allowed. Thus, when the clerk prepares a writ of execution, the clerk will know whether Richard Hinde reinstated the policy and will know the amount upon which to execute because writ of execution can only issue after a judgment becomes final.

Both parties brought numerous points of error to the court of appeals which its opinion did not address. We remand to the court of appeals to consider the remaining points of error properly before it.