ROBERTSON V. CADENHEAD 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-334-CV





ANNE E. ROBERTSON,




 APPELLANT


vs.





CURTIS H. CADENHEAD, JR.,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-0804, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 




 Anne E. Robertson, appellant, brought suit against Curtis H. Cadenhead, Jr.,
appellee, seeking the division of certain marital property that Robertson claimed had not been
divided in their earlier Georgia divorce decree. In response, Cadenhead filed a pleading
designated as a "Plea To The Jurisdiction," in which he argued that the Georgia court had in fact
divided the property in question, and that as a result the District Court of Hays County lacked
subject-matter jurisdiction over Robertson's suit. Before a hearing was held on Cadenhead's plea
to the jurisdiction, Robertson filed an amended petition in which she added a second count: to
enforce a certain portion of the same Georgia divorce decree.

 After a hearing on Cadenhead's plea to the jurisdiction, the trial court signed an
order that stated:


The Court, having reviewed the evidence and the argument of counsel, finds that
the evidence supports and sustains the Plea to the Jurisdiction urged by Defendant,
insofar as such Plea to the Jurisdiction regards Plaintiff's Petition for Division of
Community Property.


 This Order does not extend to that cause of action included in the
above -styled and -numbered cause which seeks to enforce certain provisions of the
Divorce Decree between the parties.


 IT IS THEREFORE ORDERED AND DECREED that the
Defendant's Plea to the Jurisdiction is hereby sustained, and that portion of the
above-styled and numbered cause of action which seeks to partition community
property not divided in the parties' final Decree of Divorce is DENIED.


Clearly, the trial court rendered judgment on only a portion of Robertson's cause of action. 
Moreover, Robertson did not obtain a severance of that portion from the other issue raised by the
pleadings. Therefore, a final judgment disposing of all parties and causes of action in the present
suit is not before this Court.

 Accordingly, we dismiss this appeal for want of jurisdiction. See Hinde v. Hinde,
701 S.W.2d 637, 639 (Tex. 1985) ("[A]ppellate courts can review only final and definite
judgments. A final judgment fully disposes of all issues and all parties in the lawsuit."); see also
Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (1986).



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: May 27, 1992

[Do Not Publish]