TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00155-CV







Eddie Joe Louis Taylor, Jr., Appellant



v.



Valerie Denise Williams, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. FA92-0739-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM


 Appellant Eddie Joe Louis Taylor seeks to appeal from an order of the district court
of Tom Green County denying his request for temporary orders in a suit affecting the parent-child
relationship. On receipt of the transcript, this Court asked the parties to address the question of
the finality of the trial court order. See Tex. R. App. P. 56(a), 58(b). Because the order is not
final and appealable, we will dismiss the suit for want of jurisdiction.

 Taylor and appellee Valerie Denise Williams were divorced in 1992. The decree
of divorce named Taylor as managing conservator and Williams as possessory conservator of their
two children and ordered Williams to pay child support in the amount of $50 per month.

Before the birth of their second child in November 1991, Williams moved to Alabama; she and
the children have lived there ever since. In December 1994, Taylor sought to modify the support
and access provisions of the 1992 decree and to hold Williams in contempt for failing to return
the children to him. See Tex. Fam. Code Ann. §§ 14.08, .31-315 (West 1986 & Supp 1995). 
In his first amended motion to modify and enforce prior order, Taylor also sought temporary
orders relating to Williams' possession of the children. See Tex. Fam. Code Ann. § 11.11 (West
1986 & Supp. 1995). After a hearing, the trial court rendered its order denying Taylor's request
for temporary orders from which Taylor perfected an appeal.

 However, the order is not final and appealable because it does not dispose of all
claims before the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); New
York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990); North E. Indep.
Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The order clearly disposes only of
Taylor's request for temporary orders. It does not dispose of his requests for an increase in child
support, a change in access to the children, attorney's fees, or costs and does not dispose of his
contempt claim. Additionally, the order states that the parties were before the court only on the
request for temporary orders.

 Taylor responds that the order is final because it effectively determines the parties'
rights and disposes of all issues in the case so that no further court action is necessary to settle the
controversy. See Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). The order states the trial
court's conclusions that Williams did not agree to the 1992 decree and that the Uniform Child
Custody Jurisdiction Act does not confer jurisdiction over the children in the Texas courts. See
Uniform Child Custody Jurisdiction Act, Tex. Fam. Code Ann. § 11.53 (West 1986). The order
continues: "The Court further finds that the custody provisions contained in the Final Decree of
Divorce of October 23, 1992, are not valid because they were entered by the Court without
authority to enter them and that this Court will hereafter not enforce those provisions."

 Although the issues addressed in the order may ultimately resolve all issues pending
before the court, the court disposed only of the request for temporary orders. See Jampole v.
Touchy, 673 S.W.2d 569, 574 (Tex. 1984) ("It is the court's order that counts, not the stated
reasons . . . ."); Holt Atherton Indus., Inc. v. Heine, 797 S.W.2d 250, 253 (Tex. App.--Corpus
Christi 1990), aff'd in part & rev'd in part on other grounds, 835 S.W.2d 80 (Tex. 1992)
(recitations preceding decretal portions of judgment form no part of judgment rendered). The
order does not contain any language that disposes of any issue other than the request for
temporary orders and does not include a "Mother Hubbard" clause. See Aldridge, 400 S.W.2d
at 898 (inclusion of statement that all relief not expressly granted is denied eliminates confusion
over finality of judgment).

 With certain exceptions not applicable here, an appellate court has jurisdiction only
over appeals from final judgments. Sanchez, 799 S.W.2d at 678-69; Aldridge, 400 S.W.2d at
895. (1) Because the order appealed from is not a final judgment, we dismiss the appeal for want
of jurisdiction.


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: May 3, 1995

Do Not Publish
1. [1] Temporary orders rendered in a suit affecting the parent-child relationship are not
appealable. Tex. Fam. Code Ann. § 11.11(g) (West 1986); Craft v. Craft, 580 S.W.2d 814, 815
(Tex. 1979); Saxton v. Daggett, 864 S.W.2d 729, 736 (Tex. App.--Houston 1993, orig.
proceeding).