TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00309-CV







Inga Oehlerich, Appellant




v.




Texas Department of Protective and Regulatory Services, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-07995, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 After final judgment, Inga Oehlerich appeals from a trial court order striking her
plea to intervene in a suit brought by the Department of Protective and Regulatory Services. We
will affirm the order and the judgment.


THE CONTROVERSY


 In a suit affecting the parent-child relationship of five minor children, the
Department sued the mother of the children and their presumed father requesting termination of
their parental rights on statutory grounds. The Department also sued in the cause two other men,
alleging that each was a biological father of one child and requesting that each be served with
citation in order that they might admit paternity or file a counter-claim to establish paternity and
thus avoid losing their rights as a parent. See Tex. Fam. Code Ann. § 161.002(b)(1) (West Supp.
1999). The Department filed its petition on July 11, 1997.

 Approximately eight months thereafter, Inga Oehlerich, mother of the presumed
father, filed in the cause on April 1, 1998, a plea in intervention, alleging she was a grandparent
of the five children and should be appointed their managing conservator because it was in their
best interests for reasons set out in the plea. (1)

 The Department and the children's appointed attorney ad litem moved to strike the
plea in intervention. A hearing was held thereon on April 13, 1998. No evidence was introduced
at the hearing, which consisted solely of the argument of counsel, including Inga Oehlerich's
attorney. In an order signed May 11, 1998, the trial court struck her plea. On May 26, 1998, 
the court signed its judgment terminating the parental rights of the mother and the presumed father
(after they filed affidavits relinquishing such rights) and naming the Department temporary
managing conservator of the children. (2)

DISCUSSION AND HOLDINGS


 Inga Oehlerich contends the trial judge abused her discretion by striking the plea
in intervention. We disagree.

 The trial court order assailed by Oehlerich recites that after hearing evidence and
the argument of counsel, the court found that her plea "was not timely filed," one of the two
grounds urged by the Department and the children's attorney ad litem as grounds for striking
Oehlerich's plea in intervention. The transcript of the hearing indicates, however, that no
evidence at all was received, but only the legal arguments of each counsel predicated upon several
factual circumstances presumed but not proved by evidence to exist.

 The hearing was governed by the common law rule that intervention must be timely
and should not be allowed when it would delay the cause, unless the intervenor demonstrates facts
which justify tardiness in coming forward. 1 Texas Civil Practice § 5:80, at 607 (Diane M. Allen
et al. eds., 1992 ed.). We believe this rule was invoked when Oehlerich filed her plea some eight
months after the Department filed its petition and some two months before trial. Moreover, the
determination of Oehlerich's plea was governed by section 102.004(b), which declares that "the
court may grant a grandparent or other person deemed by the court to have had substantial past
contact with the child leave to intervene in a pending suit filed" under chapter 153 of the Texas
Family Code pertaining to suits seeking managing conservatorship or possessory conservatorship. 
Tex. Fam. Code Ann. § 102.004(b) (West 1996) (emphasis added); In re Hidalgo, 938 S.W.2d
492, 496 (Tex. App.--Texarkana 1996, no writ). (3) We believe the trial court was justified in
viewing Oehlerich's plea in intervention as an application for leave to intervene; however, the
burden of proof lay upon Oehlerich to establish facts justifying her intervention, including facts
pertaining to the issue of timeliness. (4) She introduced no evidence whatever in that regard and the
pertinent issues of fact and law could not be determined by the pleadings alone.


 Because Oehlerich adduced no evidence regarding the issue of timeliness raised by
the motion to strike, she has not established that the trial judge abused her discretion by striking
the plea in intervention. We hold accordingly and affirm the trial court order and judgment.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: July 29, 1999

Do Not Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The reasons alleged were, apparently, that appointment of a parent or the parents as sole
or joint managing conservators "would significantly impair the children's physical health or
emotional development"; a suit for the dissolution of the parents' marriage was pending; evidence
adduced in a criminal case against the presumed father indicated that the children had been abused
or neglected by one or both parents; the children had resided with Oehlerich for at least six months
within the twenty-four months preceding the filing of the plea in intervention; the presumed father
was serving a life sentence of imprisonment; and the parents had been living apart for three
months before the plea in intervention was filed. Oehlerich did not request access to the children
save as managing conservator. 
2. The trial court judgment is defective because it omits to make an express determination
as to one of the alleged biological fathers; the judgment does deny all relief requested by the
Department save as expressly granted in the judgment. Our record does not indicate whether the
alleged biological father in question appeared in the cause.


Save for exceptions not applicable here, courts of appeal may review only final judgments, and
it is axiomatic that a judgment is not final for purposes of appeal unless it resolves all issues
between all parties not severed. See Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 276-77
(Tex. 1996); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). Because the defect in the
judgment raised a question as to our appellate jurisdiction, we inquired in that regard on our own
motion, no party having raised it.


We conclude the judgment is final and appealable notwithstanding the defect, reasoning that relief
was by implication denied the Department as to the alleged biological father.
3. Before 1995, grandparent intervention was governed by Texas Rule of Civil Procedure
60, which did not require leave of court to intervene and placed the burden of proof on the party
moving to strike the intervention "for sufficient cause." See Tex. R. Civ. P. 60; McCord v.
Watts, 777 S.W.2d 809, 811-12 (Tex. App.--Austin 1989, no writ); 1 Texas Civil Practice §
5:81, at 609 (Diane M. Allen et al. eds, 1992 ed).
4. Timeliness is, of course, a relative concept when no statute or rule fixes a definite time
for intervention. In the absence of a prescribed time, the issue of timeliness is governed by
equitable principles and determined by the facts and circumstances of the particular case. 59 Am.
Jur. 2d Parties § 157, at 632-36 (1987). Relevant factors may be the purpose for which
intervention is requested; the point to which the suit has progressed and the time elapsed from its
initiation; the length of time the applicant knew of his interest in the litigation; possible prejudice
occasioned to existing parties by the delay; the applicant's interest and potential harm to that
interest if intervention is denied; the reason for the applicant's delay; interference resulting to
orderly trial processes if intervention is allowed; in statutory actions, the purpose of the statute;
adequacy of representation of the applicant's interest by existing parties; and whether intervention
is a matter of right or merely permissive. Id. Some of these factors are determinable without
evidence; others, such as the length of time the applicant knew of his interest and his reason for
delay, require evidence before they may be considered by the trial court in deciding whether to
grant the application to intervene. The latter have particular relevance in the present case.



y: CG Times">

Affirmed

Filed: July 29, 1999

Do Not Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The reasons alleged were, apparently, that appointment of a parent or the parents as sole
or joint managing conservators "would significantly impair the children's physical health or
emotional development"; a suit for the dissolution of the parents' marriage was pending; evidence
adduced in a criminal case against the presumed father indicated that the children had been abused
or neglected by one or both parents; the children had resided with Oehlerich for at least six months
within the twenty-four months preceding the filing of the plea in intervention; the presumed father
was serving a life sentence of imprisonment; and the parents had been living apart for three
months before the plea in intervention was filed. Oehlerich did not request access to the children
save as managing conservator. 
2. The trial court judgment is defective because it omits to make an express determination
as to one of the alleged biological fathers; the judgment does deny all relief requested by the
Department save as expressly granted in the judgment. Our record does not indicate whether the
alleged biological father in question appeared in the cause.


Save for exceptions not applicable here, courts of appeal may review only final judgments, and
it is axiomatic that a judgment is not final for purposes of appeal unless it resolves all issues
between all parties not severed. See Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 276-77
(Tex. 1996); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). Because the defect in the
judgment raised a question as to our appellate jurisdiction, we inquired in that regard on our own
motion, no party having raised it.