In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00106-CV


______________________________




LOYE DEE (L. D.) PITTS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Civil Court at Law No. 1


Harris County, Texas


Trial Court No. 770,369




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Loye Dee (L. D.) Pitts, acting pro se, has filed an appeal from an order signed
April 29, 2002, by the judge of the County Civil Court at Law Number 1 of Harris County,
Texas. As part of its docket equalization efforts, this appeal was transferred to this court
of appeals by the Texas Supreme Court. 

 We issued a letter July 16, 2002, in which we questioned our jurisdiction over this
appeal. The county attorney has responded; Pitts has not. In the order that is the subject
of this appeal, the county civil court at law ordered that it would hold no more hearings on
interlocutory motions filed by Pitts until all lower or administrative remedies available had
been exhausted. 

 The record provided to this Court is sparse. It contains several handwritten motions,
from which we glean Pitts has been cited for some infraction involving an animal shelter
which he operates. It appears Pitts attempted to appeal prejudgment rulings from justice
court to the county civil court at law and the county civil court at law declined to consider
those documents until the justice court issued a judgment. 

 The initial question before this Court is whether our jurisdiction has been invoked. 
Generally, only final decisions of trial courts are appealable. Tex. Civ. Prac. & Rem. Code
Ann. § 51.012 (Vernon 1997); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). The Legislature has also
authorized the appeal of a number of interlocutory orders. See, e.g., Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (Vernon Supp. 2002). An order of this nature does not fall within
the bounds of any type of order which may be appealed. When the county civil court at law
issues a final judgment, all matters preceding that judgment come ripe for review. No such
judgment is before this Court in this case. 

 The appeal is dismissed for want of jurisdiction.

 

 Donald R. Ross

 Justice


Date Submitted: October 22, 2002

Date Decided: October 23, 2002


Do Not Publish