In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00044-CV
______________________________


BEN W. McCOIN, Appellant
 
V.
 
RED RIVER COUNTY, TEXAS, THE STATE OF TEXAS,
DISTRICT ATTORNEY VAL VARLEY, AND
DISTRICT JUDGE JOHN F. MILLER, JR., Appellees


                                              

On Appeal from the 102nd Judicial District Court
Red River County, Texas


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

          Ben W. McCoin has filed a document pro se that constitutes an attempt to appeal. 
It appears his complaint has to do with a letter from the district clerk declining to file some
form of a civil proceeding against the parties named above. There is no judgment, and
there is no order of the trial court. This Court has jurisdiction to hear appeals of final
judgments and appealable orders only as provided by the Texas Constitution and the
Texas Legislature. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997) (final
judgment of district and county courts); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); see, e.g., Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (Vernon Supp. 2004) (specific appealable interlocutory orders). 
This attempted appeal falls into none of those categories. The submitted documents show
on their face we have no jurisdiction to hear this attempted appeal. 
          We dismiss the appeal for want of jurisdiction. 
 
                                                                           Josh R. Morriss
                                                                           Chief Justice

Date Submitted:      April 6, 2004
Date Decided:         April 7, 2004



. v. Dernehl. Because the briefs and arguments are in all relevant respects the same
as those raised in this appeal, for the reasons stated in that opinion, we affirm the trial
court's judgment.


 Donald R. Ross

 Justice



DISSENTING OPINION



 I dissent for the reasons stated in my dissenting opinion in cause number
06-01-00010-CV, MidTexas Pipeline Co. v. Dernehl.


 William J. Cornelius

 Chief Justice



Date Submitted: August 28, 2001

Date Decided: February 26, 2002


Do Not Publish




OPINION ON MOTION FOR REHEARING


 For the reasons stated in this Court's opinions in cause numbers 06-01-00010-CV
and 06-01-00012-CV, and in the opinions on motions for rehearing thereto, the motion for
rehearing filed in this case is overruled.


 Donald R. Ross

 Justice



DISSENTING OPINION ON REHEARING



 For the reasons stated fully in my dissenting opinion on original submission, and for
the additional reasons expressed here, I would grant MidTexas' motion for rehearing.

 The conclusions reached by the majority in this case are directly contrary to the
conclusions reached in three cases decided recently in Texas. These cases are Hubenak
v. San Jacinto Gas Transmission Co., 2001 WL 1587822 (Tex. App.-Houston [1st Dist.]
Dec.13, 2001, no pet. h.); Cusack Ranch Corp. v. MidTexas Pipeline Co., 2001 WL
15538360 (Tex. App.-Corpus Christi, Nov. 29, 2001, no pet. h.); and Hubenak v. San
Jacinto Gas Transmission Co., 37 S.W.3d 133 (Tex. App.-Eastland 2001, pet. denied). (1) 
Indeed, on the essential issue-whether the inclusion of property rights in addition to the
property to be condemned in the condemnor's offer renders that offer ineffectual or not
bona fide-the one case relied on by the condemnee and the majority here (although the
cite has now been removed from the majority opinion) has now been overruled on
rehearing with the opposite result prevailing. See Hubenak v. San Jacinto Gas
Transmission Co., 2001 WL 1587822.

 There is not one case that now supports the view taken by the majority in this case. 
If the majority view prevails here, it will add confusion to the law of eminent domain and if
followed generally, will thwart the legislative purposes to simplify eminent domain
proceedings and to lessen the likelihood of unnecessary litigation and appeals.

 I urge the majority not to contribute to the conflicts and to the hypertechnicality in
the law of eminent domain by ruling contrary to the settled law set out in the well reasoned
opinions in the cases cited here.

 I respectfully dissent to the overruling of the motion for rehearing.


 William J. Cornelius

 Chief Justice



Date Decided: February 26, 2002


Do Not Publish

1. The court in this case held that the fact that the condemnor's offer included rights
in addition to those it later sought to condemn did not render the offer invalid as a matter
of law, but there was a fact question whether the condemnor negotiated in good faith.