NO. 07-04-0575-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 23, 2005
_____

Ex parte CRYSTAL R. ROACH,

Appellant
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 66,248-D; HON. DON R. EMERSON, PRESIDING
_____

***Order Dismissing Appeal***

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Crystal R. Roach (appellant) attempts to appeal from "the denial of Petitioner's Application for Writ of Habeas Corpus entered in cause no: 66,248-D on the 30[th] day of Nov., 2004."[1] We dismiss for want of jurisdiction.

This court was notified by the court reporter for the 320th Judicial District Court that no record existed in the above referenced cause since no final hearing had been held. So too did the reporter inform us that she did "not know what [appellant] is appealing." Thereafter, we received an affidavit from Alvina Musick, the Supervisor/Deputy Clerk of the Family Division of the Potter County District Clerk's Office. Therein, Musick stated that "there ha[d] never been an Application for Writ of Habeas Corpus filed by the Appellant . . .

---

[1] We note that appellant's notice is "to the District Court of Potter County, Texas, 320th Judicial District."

in . . . Cause Number 66248-D,. . . ." Given this information, we notified appellant by letter of the circumstances and directed her to "show cause why this appeal should not be dismissed for want of jurisdiction." Appellant responded to our missive and admitted that the appeal was "premature."

Absent certain exceptions not existing here, appellate courts can review only final judgments and orders. *See Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex. 1985). Since one has yet to be entered in cause number 66,248-D, we have no jurisdiction to entertain this appeal. Consequently, we dismiss it for want of jurisdiction.


Brian Quinn
Chief Justice