Opinion Issued February 21, 2008













Opinion Issued February 21, 2008

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00120-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LEIROI M. DANIELS, OWNER OF THE 2000 MERCEDES
AUTOMOBILE VIN #WDBNG75J4YA39643, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 157th District Court

Harris County, Texas








Trial Court Cause No. 2006-76124

 

 



MEMORANDUM OPINION

          Appellant,
Leiroi Daniels, appeals from an interlocutory order striking
his petition in intervention.  Specifically, Daniels contends that the trial
court erred in striking his original answer as the registered owner of the
vehicle in this case, and because the trial court struck his answer, he was
denied his right to make an appearance in the forfeiture proceeding.  Because the record before this court fails to
establish that we have jurisdiction over the appeal, we dismiss the appeal.        

Background

          On
October 30, 2006, the State seized the vehicle in this case, a Mercedes S500,
because it had allegedly been used in several aggravated robberies prior to
that date.  In addition, at the time of
the seizure, police officers found one kilogram of cocaine in the car.  The car was registered to Angel Rodriguez and
Olga Joffre, and it was in their possession at the time the police seized it.  After officers seized the car, Daniels
notified the Houston Police Department and the District Attorney’s office that
he was the owner of the car.  Daniels
claims title to the car, based upon a contract between Rodriguez and Daniels
that transferred ownership of the car to Daniels in exchange for legal
representation.

On November 29, 2006, the State filed
a notice of seizure and intended forfeiture, claiming that the vehicle was
subject to forfeiture because it constituted contraband.  The State listed only Rodriguez and Joffre as
respondents.  Daniels filed an answer,
alleging that he is the owner of the vehicle and that he has a justiciable
interest in the lawsuit.  The State filed
a Motion to Strike Daniels’ answer, alleging that Daniels did not perfect his
title in the automobile until after the date of the seizure.  After a hearing on the motion, the trial
court struck Daniels’ answer.

Analysis

Daniels seeks to appeal the trial
court’s order striking his original answer. 
Generally, appellate courts have jurisdiction to hear an appeal only if
it is from a final judgment.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992).  A final judgment is one which disposes of all
legal issues between all parties. Id.; Hinde v.
Hinde, 701 S.W.2d 637, 639 (Tex.
1985).  The
record reflects that the trial court has not yet entered a final judgment in
the underlying matter, and no severance order appears in the record.  Therefore, the order striking Daniels’
intervention is interlocutory.  

An appellate court lacks jurisdiction
to immediately review an interlocutory order unless a statute specifically
authorizes an exception to the general rule, which is that appeals may only be
taken from final judgments. Qwest
Communications Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Stary v. DeBord, 967 S.W.2d 352, 352–53
(Tex. 1998); Metromedia Long
Distance, Inc. v. Hughes, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991,
writ denied) (order dismissing or striking petition in intervention may not be
appealed by intervenor before rendition of final judgment, unless statute
explicitly provides for appeal).  As no
statute provides for interlocutory appeal of an order dismissing or striking a
petition in intervention, Daniels may not appeal until the rendition of a final
judgment between the original parties.

Conclusion

          We
dismiss the appeal for lack of jurisdiction.

 

 

                                                                   Jane Bland

                                                                   Justice

          

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.