

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00092-CV

**IN THE INTEREST OF S.L.E.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA01712
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: April 15, 2020

AFFIRMED

Appellants Colleen Ellis and Morgan Ellis, Jr. are the paternal grandparents of two-year-old S.L.E. Appellees Sheila Husted and Inez Martinez are S.L.E.'s maternal grandparents. After the parental rights of both S.L.E.'s biological parents were terminated, the Ellises adopted S.L.E. The Ellises appeal the portion of the adoption order granting Husted and Martinez possession and access to S.L.E. We affirm the trial court's order.

## BACKGROUND

The Texas Department of Family and Protective Services ("the Department") removed S.L.E. from her biological parents' care shortly after she was born, when both she and her biological mother tested positive for methamphetamines. The Department eventually placed S.L.E. with the Ellises and sought termination of S.L.E.'s biological parents' rights in Bexar

County District Court ("the termination proceeding"). Husted and Martinez intervened in the termination proceeding. On May 9, 2018, the Ellises along with Husted and Martinez entered into a mediated settlement agreement ("the MSA") with the Department and S.L.E.'s ad litem in the termination proceeding. The MSA provided that the Department would seek termination of S.L.E.'s biological parents' rights and use its best efforts to have the Ellises adopt S.L.E. The MSA further provided:

> As part of this agreement, Inez Martinez and Sheila Husted, the maternal grandparents will have at least two weekends each month from 6:00 pm on Friday until 6:00 pm on Sunday. This agreement will be enforceable under contract and will survive the adoption and will be wholly incorporated into the adoption order.

After S.L.E.'s biological parents relinquished their parental rights, the trial court signed an agreed order terminating their parental rights and naming the Department sole managing conservator of S.L.E. on June 11, 2018. The agreed termination order also included the following findings relating to the MSA and the future adoption proceedings:

- The Court finds that the parties have entered into a mediated settlement agreement under which the Petitioner [the Department] agreed to use its best efforts to have the child the subject of this suit adopted by Morgan and Colleen Ellis, the paternal grandparents of the child.

- The [C]ourt further find[s] and orders that this agreement shall be enforceable under contract and shall survive the adoption and will be wholly incorporated into the adoption order.

- The Court finds that [the] maternal grandparents are a necessary party to the adoption.

- The Court orders [the] adoption to be completed within 90 days after requirements for adoption are met.

- Inez Martinez and Sheila Husted the maternal grandparents will have at least two weeks [sic] each month from 6:00 pm on Friday until 6:00 pm on Sunday, on the 2nd and 4th weeks of the month.

On August 2, 2018, the Ellises filed a petition to adopt S.L.E. in a separate Bexar County District Court ("the adoption proceeding"). The Department entered an appearance and consented

to the Ellises' adoption of S.L.E.  Husted and Martinez also intervened in the adoption suit.  In response, the Ellises filed a motion to strike Husted and Martinez's intervention, arguing they lacked standing under Chapter 102 of the Texas Family Code.  Husted and Martinez filed a response and counterpetition for adoption claiming they had standing because they had continuing possession and access rights under the termination order and MSA.

At the adoption hearing, the Ellises, Husted and Martinez, the Department, and the ad litem for S.L.E. appeared.  The trial court reviewed the findings in the agreed termination order and took judicial notice of the MSA.  The parties did not dispute that the MSA provided that Husted and Martinez would have possession and access to S.L.E. two weekends a month.  The Ellises argued they were not bound by the MSA because they were not parties to the termination proceeding and the MSA was not an enforceable contract.  The Department agreed the Ellises should adopt S.L.E. and argued that although the MSA gave Husted and Martinez possession and access to S.L.E., that possession and access was not in S.L.E.'s best interest.  S.L.E.'s ad litem reiterated the Department's concern and stated that there had been "some issues" with S.L.E.'s visits with Husted and Martinez.  The parties did not describe what those issues were.

In response, Husted and Martinez argued the Ellises and the Department signed the MSA, agreeing they could have possession and access to S.L.E. and granting them standing to enforce the MSA in the adoption suit.  After considering the parties' arguments, the trial court announced it would grant the Ellises' petition to adopt and include the language regarding Husted and Martinez's possession and access to S.L.E. in the order.  The trial court then signed an order granting the Ellises' petition to adopt, but the order did not include the possession and access language.  Husted and Martinez filed a motion for clarification, asking the court to incorporate the MSA's terms.  After the trial court granted the motion and incorporated the MSA by reference, the Ellises appealed.

**ANALYSIS**

*Termination Order*

Before challenging the trial court's adoption order, the Ellises ask us to review the agreed termination order signed on June 11, 2018. The Ellises argue the language in the agreed termination order rendered it interlocutory and improperly included findings about the future adoption of S.L.E. and about Husted and Martinez's possession and access to S.L.E. According to the Ellises, these findings forced the trial court in the adoption proceeding to grant Husted and Martinez possession and access to S.L.E.

*Applicable Law*

To be final, a judgment must fully dispose of all the issues and parties in a lawsuit. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam). It cannot condition recovery on uncertain events or base its validity on what parties might do post-judgment. *Id.* But even if "further proceedings may be necessary in execution of [the judgment] or some incidental or dependent matter may still remain to be settled," "a judgment which settles all the legal issues and rights between the parties is final and appealable." *Id.* (quoting *Hargrove v. Ins. Invs. Corp.*, 176 S.W.2d 744, 747 (Tex. 1944)).

*Application*

Nothing in the record we have been provided from the adoption proceeding indicates that the agreed termination order did not dispose of all the issues and parties in the termination proceeding. That order terminated the parental rights of S.L.E.'s biological parents under section 161.001(b) of the Texas Family Code ("the Code"), and its validity was not conditioned on the future adoption plan included in the trial court's findings. *See* TEX. FAM. CODE ANN. § 161.001(b); *Hinde*, 701 S.W.2d at 639. Although it contained findings referencing a dependent matter that

remained to be settled, those findings did not render the judgment interlocutory. *See Hinde*, 701 S.W.2d at 639.

To the extent the Ellises seek to directly or collaterally attack the termination order in this appeal, they were required to initiate such a challenge within six months of the date the termination order was signed. TEX. FAM. CODE ANN. § 161.211(a). And when a termination order is based on an unrevoked affidavit of relinquishment, as in this case, an attack is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit. *Id*. § 161.211(c). Nothing in the appellate record indicates the Ellises filed a notice of appeal directly challenging the termination order. *See* TEX. R. APP. P. 25.1 (providing any "party who seeks to alter the trial court's judgment . . . must file a notice of appeal."). Although the Ellises initiated the adoption suit less than two months after the trial court signed the termination order, nothing in their petition contends the biological parents' affidavits were based on fraud, duress, or coercion. *See* TEX. FAM. CODE § 161.211(a); *see also Moore v. Brown*, 408 S.W.3d 423, 438 (Tex. App.—Austin 2013, pet. denied) (holding claims seeking to invalidate termination order were barred by section 161.211(c) because no allegations of fraud, duress, or coercion). As a result, the Ellises cannot directly or collaterally attack the termination order in their adoption suit. The Ellises' challenges to the termination order are overruled.

### *Jurisdiction*

Next, the Ellises raise multiple challenges to the trial court's jurisdiction to issue the adoption order. The Ellises contend Husted and Martinez lack standing under section 102.003 because they did not have "actual care, control, and possession of the child" for six months, and they lack standing to seek grandparent access under section 153.433 because the parental rights of both S.L.E.'s biological parents had been terminated. The Ellises also argue the MSA did not confer standing on Husted and Martinez.

In addition to these standing arguments, the Ellises assert the trial court erred by awarding relief that Husted and Martinez had not properly requested, and by finding it had continuing, exclusive jurisdiction to consider Husted and Martinez's counterpetition for adoption. We construe these arguments together as a challenge to the trial court's jurisdiction to enter the adoption order granting Husted and Martinez possession and access rights.

### *Standard of Review*

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). A court does not have jurisdiction over a claim if a plaintiff lacks standing to assert the claim. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012).

### *Application*

When the Ellises filed their petition for adoption, they vested the trial court with jurisdiction over the adoption proceeding and authority to determine the effect of the MSA. *See* TEX. FAM. CODE ANN. §§ 102.001–102.003; *Page v. Sherrill*, 415 S.W.2d 642, 645 (Tex. 1967) (recognizing district courts have broad discretion in determining custody of children); *Rodriguez v. Vela*, 488 S.W.2d 872, 875 (Tex. App.—San Antonio 1972, no writ) (concluding court had jurisdiction to determine matters related to adoption on filing of petition for adoption). When Husted and Martinez filed their counterpetition for adoption, they sought enforcement of the MSA's terms. Whether Husted and Martinez had standing to file their counterpetition under sections 102.003 or 153.433 is not related to the trial court's authority to determine the effect of the MSA on the adoption proceeding. *See* TEX. FAM. CODE ANN. § 153.0071(e) ("If a mediated settlement agreement meets the requirements [of section 153.0071(d)], a party is entitled to

judgment on the mediated settlement agreement. . .").  We conclude that Husted and Martinez had standing to seek possession and access to S.L.E. under the MSA.  Because the trial court had jurisdiction to grant Husted and Martinez possession and access rights, we overrule the Ellises' challenges to the trial court's jurisdiction.

### MSA

In their final two arguments, the Ellises challenge the validity of the MSA.  They contend the MSA is void because Husted and Martinez had no authority to enter into it and because it did not meet the requirements of section 153.0071 of the Code.

### Standard of Review and Applicable Law

We review a trial court's rendition of judgment on a mediated settlement agreement under an abuse of discretion standard.  *In re Lee*, 411 S.W.3d 445, 450 (Tex. 2013).  "A mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed."  TEX. FAM. CODE ANN. § 153.0071(d).  Again, if a MSA meets the requirements of section 153.0071(d), then a party is entitled to judgment on the MSA.  *Id*. § 153.0071(e); *In re Lee*, 411 S.W.3d at 458–59.

### Application

According to the Ellises, Husted and Martinez did not have authority to enter into the MSA because they did not have standing to file suit for possession and access.  We reject this argument because it suggests that only parties who have standing to file an original adoption petition may enter into a mediated settlement agreement related to an adoption.  The Ellises do not cite any authority, nor do we find any, requiring a party to a mediated settlement agreement regarding possession and access to a child to meet the standing requirements to file an original petition for

possession and access. Instead, a party who attends a mediation may enter into a mediated settlement agreement that complies with section 153.0071(d) and be entitled to judgment on that agreement. Tex. Fam. Code § 153.0071(e).

The Ellises next argue the MSA did not meet the requirements of section 153.0071(d) because S.L.E.'s biological father did not sign the agreement and he was a party to the termination proceeding.[1] Section 153.0071(d) outlines who must sign a mediated settlement agreement. *Id.* § 153.0071(d). It provides that the agreement must be signed by the parties to the agreement and the parties' attorneys who are present at the time the agreement is signed. *Id.* Here, the MSA was signed by the Department, the Ellises, Husted, Martinez, and Husted and Martinez's attorneys. *Id.* § 153.0071(d)(2), (3). It contains the required disclosures in the required font. *Id.* § 153.0071(d)(1). It is therefore valid and enforceable between the Department, the Ellises, Husted, and Martinez. *Id.* § 153.0071(e); *In re Lee*, 411 S.W.3d at 450 (noting, "because children suffer needlessly from traditional litigation, the amicable resolution of child-related disputes should be promoted forcefully."). Accordingly, we overrule the Ellises' challenges to the validity of the MSA. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### CONCLUSION

Based on the foregoing, we affirm the trial court's adoption order.

Beth Watkins, Justice

---

[1] The Ellises are correct that S.L.E.'s biological father did not sign the MSA. As a result, the MSA may not have been enforceable against him. *Id.* § 153.0071(e); *see also In re Morris*, 498 S.W.3d 624, 629–34 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (orig. proceeding). The Ellises, however, lack standing to assert that argument on his behalf. *See, e.g., Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).