**DISMISS and Opinion Filed December 22, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-23-00794-CV

**SARA SANCHEZ AND DIMAS CASTRO, Appellants**
**V.**
**F&M PROPERTIES, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-00788-A**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellants appeal from the trial court's April 20, 2023 amended judgment. The judgment provided appellants an opportunity to seek injunctive relief in the district court. It also provided that in the event injunctive relief is either not sought or the request denied, a further hearing would be held to determine the amount of attorney's fees. Because the judgment left the issue of attorney's fees to be determined, we questioned our jurisdiction over this appeal and directed appellants to file a letter brief addressing our concern.

Generally, an appeal may be taken only from a judgment that is final and definite. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam). A judgment is final if it disposes of all parties and issues; it is definite if it defines the parties' rights or "provide[s] a definite means of ascertaining [the parties'] rights" such that "ministerial officers can carry the judgment to execution without ascertainment of facts" not stated in the judgment. *Id.* (quoting *Steed v. State*, 183 S.W.2d 458, 460 (Tex. 1944)).

In their letter brief, appellants assert that the judgment became retroactively final because no injunctive relief was granted. Alternatively and, without citing any authority for doing so, they ask that this appeal continue as an interlocutory appeal.

Because the judgment leaves the matter of attorney's fees to be determined, it is not definite. *See Hinde*, 701 S.W.2d at 639; *Paxton v. Simmons*, 640 S.W.3d 588, 598 (Tex. App.—Dallas 2022, no pet.). Moreover, there is no statutory authority for an interlocutory appeal of the order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (listing appealable interlocutory orders). Thus, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

220794f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SARA SANCHEZ AND DIMAS
CASTRO, Appellants

No. 05-23-00794-CV     V.

F&M PROPERTIES, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-23-00788-
A.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

It is **ORDERED** that appellee F&M PROPERTIES recover its costs of this
appeal from appellants SARA SANCHEZ AND DIMAS CASTRO.

Judgment entered this 22nd day of December, 2023.