Bruce HINES, Appellant

v.

Phillip VILLALBA, Appellee.

No. 05–06–00256–CV.

Court of Appeals of Texas, Dallas.

Aug. 15, 2007.

C. Bryan Dunklin, Michael Babb, Bryan Dunklin & Associates, PLLC, for appellant.

Gregory S. Weiss, Barry L. Hardin, Abby L. Ewing, David, Goodman & Madole, Dallas, for appellee.

Before Justices RICHTER, MOSELEY, and BRIDGES.

## OPINION

Opinion by Justice RICHTER.

Bruce Hines appeals the trial court's entry of a post-judgment protective order which provided that Hines was not entitled to recover conditional appellate attorney's fees from Phillip and Veronica Villalba. In a single multi-part issue, Hines asserts that the trial court erred because the order was entered after the expiration of the trial court's plenary power and the conditions requisite to the recovery of appellate attorney's fees had already occurred. For the reasons below, we resolve Hines' issue against him, and affirm the trial court's order.

## I. BACKGROUND

This proceeding arises out of a bench trial from which a final judgment was rendered in favor of Hines on December 2, 2004. The decretal language in the judgment ordered that Hines recover from the Villalbas: $9,719.70 for actual damages, $15,000 for attorney's fees incurred at trial, pre-judgment interest, post-judgment interest, and costs. The judgment further provided: "[i]f this cause is unsuccessfully appealed, defendant's attorney fees to defend against such appeal shall be $8,500."

The Villalbas perfected an appeal on March 11, 2005. Hines filed a notice of cross-appeal on March 22, 2005. Hines also served the Villalbas with post-judgment discovery, to which the Villalbas timely objected and responded. The Villalbas subsequently decided that they did not wish to pursue an appeal. On April 15, 2005, the Villalbas filed a motion to dismiss the appeal. Hines moved to dismiss the cross-appeal on April 21, 2005.

As a result, the court of appeals dismissed the appeal and cross-appeal on May 19, 2005.[1] The order of dismissal provided that each party would bear its own costs.

On May 16, 2005, the Villalbas tendered to Hines a cashier's check in the amount of $27,434.82. The correspondence accompanying the check stated that the check represented full and final payment and satisfaction of all damages, attorney's fees, costs, and interest, and requested that Hines sign a release of judgment. Hines declined to accept the check or release the judgment, insisting that he was also entitled to the $8,500 in appellate attorney's fees referenced in the judgment.

On June 23, 2005, the Villalbas filed a motion for protective order to prevent Hines from conducting post-judgment discovery to collect appellate attorney's fees. The trial court entered an order granting the motion on October 5, 2005. The order stated that Hines was not entitled to recover conditional appellate attorney's fees from the Villalbas, required the Villalbas to deposit the full amount of the judgment excluding appellate attorney's fees into the registry of the court, and stayed post-judgment discovery pending the court's receipt of the funds. Hines did not receive notice of the court's order until December 7, 2005, so he filed a motion to extend the deadline to appeal. The trial court signed the agreed order extending the deadline to appeal on February 10, 2006. This appeal followed.

## II. DISCUSSION

■ Hines argues that the protective order entered by the trial court is void because it was entered after the court's plenary power expired.[2] The Villalbas respond that Hines' failure to assert the lack of plenary power in the trial court constitutes a waiver of the issue on appeal. We disagree with the assertions of both parties.

■ Subject matter jurisdiction cannot be waived. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Lack of subject matter jurisdiction is fundamental error. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex.2006). Fundamental error can be raised at any time. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex.1985). Therefore, the failure to challenge the trial court's jurisdiction is of no consequence on appeal, and we may consider whether the trial court's order was void for lack of jurisdiction.

■ A court order is void if it is apparent that the court "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex.2005) (*citing Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (per curiam)). A trial court's jurisdiction is limited after it has entered a final judgment. See Tex.R. Civ. P. 329b(f). In the absence of a motion extending a court's plenary power, the court retains jurisdiction over a case for a minimum of thirty days after the entry of judgment. *See* Tex.R. Civ. P. 329b; *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex.App.-Dallas 2006, no pet.). Orders issued outside a court's plenary power are typically void because once the

---

1. The order issued from the Court of Appeals for the Eleventh Judicial District at Eastland, where the case had been transferred earlier for the purpose of equalizing dockets.

2. Paradoxically, if the trial court lacked jurisdiction to enter the protective order, it also lacked jurisdiction to grant Hines' motion to extend the deadline to appeal the order.

court's plenary power expires it no longer has the authority to act. *See In Re Southwestern Bell Tele. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding).

But even when a court's plenary power has expired, there are still certain actions it may take with respect to its judgment. A court may supervise post-judgment discovery conducted to facilitate enforcement of the judgment. *See In Re Smith*, 192 S.W.3d 564, 569 (Tex.2006); Tex.R. Civ. P. 621a. In addition, the trial court has both a statutory and an inherent power to enforce its judgment. Tex.R. Civ. P. 308 ("the court shall cause its judgments and decrees to be carried into execution"); *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982) (courts have inherent power to enforce judgments); *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex.App.-Dallas 2005, no pet.) (same). Although a trial court may employ "suitable methods" to enforce a judgment, there are no strict guidelines that instruct what methods may be deemed "suitable." *See Arndt*, 633 S.W.2d 497 at 499. It is clear, however, that when exercising the powers of enforcement, a court may not issue an order that is inconsistent with the final judgment or that constitutes a material change to the judgment. *See Bank One, N.A., v. Wohlfahrt*, 193 S.W.3d 190, 194–195 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *Cook*, 170 S.W.3d at 920. There is no question that the trial court's plenary power had expired when it granted the Villalbas' motion for protective order. Thus, the question we must resolve is whether the trial court's order is a valid exercise of its power to enforce the judgment.

The judgment ordered the payment of $15,000 as attorneys' fees stating: "*[t]he court orders* Defendants, Phillip and Veronica Villaba, jointly and severally, to pay the sum of $15,000 as attorney fees." (Emphasis added). The appellate attor-

ney's fees, however, are not included in the decretal language of the judgment. The judgment merely states "[i]f this cause is unsuccessfully appealed, the defendants attorneys fees to defend against such appeal shall be $8500." Unlike the award of $15,000 as attorney's fees, there is no decretal language ordering the defendants to pay anything with respect to the appellate attorneys' fees. Instead, the phrase is superfluous verbiage. The decretal provisions in a judgment control. *See Crider v. Cox*, 960 S.W.2d 703, 705 (Tex.App.-Tyler 1997, writ denied). Because there is no decretal language preceding the reference to appellate attorneys' fees, the judgment does not order the payment of such fees.

Hines misconstrued the judgment to order the payment of the appellate attorneys' fees. The request for a protective order was made in response to Hines' efforts to conduct post-judgment discovery to aid his recovery of those fees. When the trial court entered the protective order, it required the Villalbas to deposit the amount of the judgment they had tendered to Hines into the registry of the court, and suspended the post-judgment discovery pending receipt of the funds. The court's resolution of the post-judgment discovery issue, however, was dependant upon whether the judgment ordered such fees. By ordering that the appellate attorneys' fees were not recoverable in the context of this post-judgment discovery dispute, the court was merely providing further instruction on how to carry the judgment into effect. The court's subsequent instructions are not inconsistent with the original judgment, nor do they constitute a material change to the judgment. Therefore, we conclude that the trial court's entry of the order was a valid exercise of its power to enforce the judgment. Because the trial court had the authority to act, we conclude the court's order was a

valid exercise of its power to enforce the judgment. The order of the trial court is affirmed.