**DISMISS; and Opinion Filed July 30, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01057-CV

**MICHAEL GRISHMAN, Appellant**
**V.**
**ROGER SIMS, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02343**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

Appellant Michael Grishman appeals from the trial court's Fourth Amended Judgment, which he contends is void because the trial court lacked plenary jurisdiction to vacate, amend, or modify a Third Amended Judgment. Appellee Roger Sims responds that the Third Amended Judgment was interlocutory because it ordered Grisham to pay an unascertainable sum of money and reserved issues for determination. Alternatively, Sims contends the Fourth Amended Judgment is a valid post-judgment order to aid in the enforcement and collection of the Third Amended Judgment. For the following reasons, we dismiss this appeal for lack of jurisdiction.

BACKGROUND

This case involves the winding up of Tax Services Consulting (TSC), a partnership. The trial court entered a Third Amended Judgment, signed August 18, 2015, and a Fourth Amended

Judgment, signed August 7, 2017.[1]  Both of the judgments reflect the case was tried to the bench on February 12, 2015.  Both of the judgments also recite:

> This is a final judgment disposing of all parties and all claims including attorney's fee claims.  It is the Court's intention to completely dispose of the entire case.  All relief not expressly granted is hereby denied.

According to findings[2] in the Third Amended Judgment, conduct on the part of both Sims and Grishman, equal partners in TSC, made "it not reasonably practicable to carry on the business of [TSC] in partnership with each other."  The judgment ordered termination of TSC's business upon its winding up and awarded Sims $35,000 for reasonable and necessary attorney's fees incurred "including but not limited to breach of contract," $531.25 for the reasonable legal expenses Sims incurred in prosecuting his declaratory judgment claim, post-judgment interest, and, in the event of appeal by Grishman or TSC, $10,000 in attorney's fees for appeal to this court and $10,000 in attorney's fees for appeal to the supreme court.  The judgment also ordered Grishman to immediately disburse funds received from a bankruptcy, referred to as the "Monitor Bankruptcy," to Sims for use in winding up TSC's business.  Any funds remaining after the winding up were to be equally divided between Sims and Grishman.  Grishman also was ordered to deliver to Sims all TSC records in Grishman's possession and execute any authorizations necessary for Sims to obtain TSC records.

Grishman moved to set aside the Third Amended Judgment and reinstate the case, but it appears the trial court never ruled on the motion.[3]  On September 17, 2015, Sims filed a motion to

---

[1] The trial court previously entered an Order signed March 10, 2015, an Amended Order signed April 21, 2015, and a Second Amended Judgment signed July 2, 2015 following the February 12, 2015 trial.  The trial court vacated the Order, Amended Order, and Second Amended Judgment within thirty days after signing them and, thus, was within its plenary power to do so.  *See* TEX. R. CIV. P. 329b(d).  Grishman's brief states that he appealed the Third Amended Judgment, but he actually filed a notice appealing the April 21, 2015 Amended Order.  We dismissed the appeal for lack of prosecution on July 31, 2015.

[2] The trial court included the findings in the judgment pursuant to Texas Business Organizations Code section 11.314, which governs court-ordered involuntary winding up and terminations of partnerships and limited liability companies.  *See* TEX. BUS. ORGS. CODE ANN. § 11.314 (West. 2012 & Supp. 2017).

[3] Our clerk's record contains no order on the motion, and the docket sheet indicates only that a hearing on the motion may have been cancelled.

compel because Grishman had neither disbursed the Monitor Bankruptcy funds to Sims, produced TSC records in Grishman's possession, nor signed the necessary authorizations. On January 1, 2016, Sims filed an amended motion to compel and request for turnover order for the Monitor Bankruptcy funds, some of which were in Grishman's counsel's trust account. On February 22, 2016, the trial court granted Sim's amended motion, ordering Grishman and his counsel to disburse the Monitor Bankruptcy funds to Sims and produce all TSC records in their possession within seven days. By separate order, the trial court also required Hillcrest Bank to produce TSC's bank account records to Sims.

On December 20, 2016, Sims filed a motion for court approval of final accounting and winding up and for entry of judgment in accordance with the findings in the final accounting. According to the motion, Grishman never turned over the Monitor Bankruptcy funds and failed to produce all of the documents Sims requested. Sims nevertheless completed the winding up, prepared a final accounting and winding up report, and sought relief related to the winding up and distribution of TSC funds.

On August 7, 2017, the trial court entered a Fourth Amended Judgment, which recited that, after considering Sim's motion, the trial court was granting the motion and entering a Fourth Amended Judgment. That judgment incorporated the provisions of the Third Amended Judgment and entered additional findings related to Grishman's failure to comply with the Third Amended Judgment, including his failure to disburse $19,513.20 received as Monitor Bankruptcy funds, and Sim's efforts to compel Grishman's compliance and wind up TSC's business. In addition to the monetary damages awarded under the Third Amended Judgment, the Fourth Amended Judgment further ordered Grishman to pay $10,701.51, representing the amount Grishman overdrew from TSC, including the Monitor Bankruptcy funds, less a credit from TSC settlement proceeds; $2,188, representing half of Sims's winding up expenses; and $2.415.20, representing half of the

–3–

reasonable attorney's fees and legal expenses Sims incurred in connection with winding up TSC. The Fourth Amended Judgment further ordered Sims to file a 2014 amended TSC tax return because the 2014 return filed by Grishman was erroneous. Grishman appealed.

APPLICABLE LAW

Whether a trial court has jurisdiction is a question of law subject to de novo review. *See State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015). We do not afford deference to a trial court's ruling in a de novo review. *Quick v. City of Austin*, 7 S.W.3d 109, 115-16 n.2 (Tex. 1998).

A judgment must be definite to be final. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985). The judgment must sufficiently define and protect the rights of all litigants or provide a definite means of determining those rights so the judgment can be enforced by a writ of execution without the need for additional facts. *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 19-20 (Tex. 1994); *Hinde*, 701 S.W.2d at 639; *Steed v. State*, 183 S.W.2d 458, 460 (Tex. 1944). Thus, a judgment that expressly reserves an issue for later adjudication is interlocutory. *Wilcox v. St. Mary's Univ. of San Antonio*, 501 S.W.2d 875, 876 (Tex. 1973); *Sherer v. Sherer*, 393 S.W.3d 480, 487 (Tex. App.—Texarkana 2013, pet. denied). Nor may a judgment condition recovery on uncertain events or depend on what the parties might or might not do post-judgment. *Hinde*, 701 S.W.2d at 639. A judgment settling all legal issues and rights between the parties, however, may be final and appealable even if further proceedings may be necessary for purposes of its execution or an incidental or dependent matter remains to be settled. *Id.* (citing *Hargrove v. Ins. Invs. Corp.*, 176 S.W.2d 744, 747 (Tex. 1944)); *Ferguson v. Ferguson*, 338 S.W.2d 945, 948 (Tex. 1960) (judgment awarding wife one-half of husband's business profits and ordering husband to furnish accounting to decide amount of profits was final; rendering of profits was "ministerial act incident to the final judgment").

There can be only one final judgment in a cause. *See* TEX. R. CIV. P. 301. We presume a judgment that follows a conventional trial on the merits is final unless the trial court orders a separate trial to resolve a specific issue. *Vaughn v. Drennon*, 324 S.W.3d 560, 562-63 (Tex. 2010) (per curiam); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895, 897-88 (Tex. 1996). We resolve any doubt about a judgment's finality by determining the trial court's intent "gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Vaughn*, 324 S.W.3d at 563 (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203 (Tex. 2001)). Inclusion of a "Mother Hubbard" clause in the judgment indicates the trial court's intent to finally dispose of the entire matter following a full trial on the merits either to the bench or before a jury. *Lehmann*, 39 S.W.3d at 204.

A trial court retains jurisdiction to vacate, modify, correct or reform a judgment for thirty days after it signs the judgment. TEX. R. CIV. P. 329b(d). The trial court's plenary power may be extended by the timely filing of an appropriate post-judgment motion, but it may not be extended more than 105 days after a judgment is signed. *See* TEX. R. CIV. P. 329b(c), (e), (g). A judgment or order rendered after a trial court loses its plenary power is generally void. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *Hines v. Villalba*, 231 S.W.3d 550, 553 (Tex. App.—Dallas 2007, no pet.).

A trial court, however, has an affirmative duty to enforce its judgment and retains authority to do so even after its plenary power over a judgment expires. *See* Tex. R. Civ. P. 308; TEX. GOV'T CODE ANN. § 21.001 (West 2004); *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Hines*, 231 S.W.3d at 553. Although a trial court may employ "suitable methods" to enforce a judgment, no strict guidelines instruct on methods deemed "suitable." *Arndt*, 633 S.W.2d at 499; *see Greiner v. Jameson*, 865 S.W.2d 493, 498 (Tex. App.—Dallas 1993, pet. denied) (trial court may enforce its judgments through execution orders, attachment orders, garnishment orders, turnover orders, and

–5–

other orders "necessary or proper in aid of their jurisdiction"). The trial court's authority is limited though; after its plenary power over a judgment expires, it "may not issue an order that is inconsistent with the final judgment or constitutes a material change to the judgment." *Hines*, 231 S.W.3d at 553. A post-judgment order made for the purpose of enforcing or carrying into effect a prior judgment is not a final judgment, and it is not subject to appeal absent specific legislative authorization. *Wagner v. Warnasch*, 295 S.W.2d 890, 892-93 (Tex. 1956); *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Wall Street Deli, Inc. v. Boston Old Colony Ins*. Co., 110 S.W.3d 67, 69-70 (Tex. App.—Eastland 2003, no pet).

ANALYSIS

In a single issue, Grishman contends the trial court erred in entering the Fourth Amended Judgment because the trial court lacked plenary power to amend or modify the Third Amended Judgment. In response, Sims contends the Third Amended Judgment was not a final judgment because it awarded amounts that were unascertainable without additional facts and reserved issues for further determination.

Because the trial court entered the Third Amended Judgment after a full trial on the merits, the judgment is entitled to a presumption of finality. *See Vaughn*, 324 S.W.3d at 562-63. Further, the judgment's language clearly and unequivocally indicates the trial court's intent that the judgment be final, providing:

> This is a final judgment disposing of all parties and all claims including attorney's fee claims. It is the Court's intention to completely dispose of the entire case. All relief not expressly granted is hereby denied.

*See Lehmann*, 39 S.W.3d at 204. Sims nevertheless contends that, to be final, the judgment must quantify the amount of the Monitor Bankruptcy funds and the amount of TSC funds to be equally divided between Sims and Grishman. Sims also maintains the judgment should provide a basis for determining the TSC funds to be allocated to be final.

The Third Amended Judgment ordered termination of TSC's business upon its winding up. With respect to the winding up, the judgment recites, ". . . the Court is of the opinion that the business of [TSC] shall immediately begin winding up in accordance with Chapter 11 of the Texas Business Organizations Code and shall complete the winding up procedures set forth in Chapter 11 . . . within sixty (60) days of the signing of this **ORDER**." *See* BUS. ORGS. § 11.001- 11.414. The winding up provisions addressed the parties' ministerial duties incidental to the judgment's order that TSC be terminated. The fact that the judgment did not specify the Monitor Bankruptcy fund amount or the amount of, and manner of allocating, TSC funds, did not render the judgment interlocutory. *See Ferguson*, 338 S.W.2d at 947-48. Because the judgment neither expressly reserved any issues for later adjudication nor conditioned Sims's recovery on some future, uncertain event, but instead settled all the legal issues and rights of the parties, we conclude the Third Amended Judgment is a final judgment. *See, e.g., Hinde*, 701 S.W.3d at 639; *Ferguson*, 338 S.W.2d at 947-98; *Beavers v. Beavers*, 651 S.W.2d 52, 54 (Tex. App.—Dallas 1983, no writ); *Braley v. Cook*, No. 06-03-00084-CV, 2004 WL 743661, *1 (Tex. App.—Texarkana 2004, no pet.); *Thaxton v. Houston Nat'l Bank*, 439 S.W.2d 455, 457 (Tex. Civ. App.—Houston [14th Dist.] 1969, no writ); *cf. Sherer*, 393 S.W.3d at 488 (summary judgment was interlocutory when it required trustee to make accounting of trust assets, retained trial court authority for "approval and/or determination and direction," and did not actually resolve the amount of damages).

The trial court signed the Third Amended Judgment on August 18, 2015 and did not sign the Fourth Amended Judgment until August 7, 2017, well after the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b. Sims alternatively asserts, however, that the Fourth Amended Judgment is a valid post-judgment order to aid in the enforcement and collection of the Third Amended Judgment. Sims contends the Fourth Amended Judgment clarifies the amounts of funds not specified in the Third Amended Judgment and approves Sims's accounting and winding up

report, both of which were necessary to enforce Grishman's obligation to turn over the Monitor Bankruptcy funds, complete the winding up of TSC, and properly carry out his obligation to divide TSC funds equally. Grishman's brief does not discuss the trial court's authority to enforce the Third Amended Judgment following expiration of its plenary power. Nor did he file a reply brief contesting Sim's argument that the Fourth Amended Judgment constitutes a valid post-judgment order.

The trial court clearly retained authority to enforce the Third Amended Judgment, *see* TEX. R. CIV. P. 308; *Arndt*, 633 S.W.2d at 499, and Sims filed post-judgment motions seeking the trial court's assistance in enforcing the judgment. Although a trial court may not issue an order inconsistent with the judgment or otherwise constituting a material change to the judgment after its plenary power has expired, *see Hines*, 231 S.W.3d at 553, we agree with Sims that the terms of the Fourth Amended Judgment are consistent with the Third Amended Judgment and do not materially change the relief afforded in the Third Amended Judgment. Accordingly, we construe the Fourth Amended Judgment, although signed after the trial court's plenary power expired, to be a valid post-judgment order to aid in enforcement of the Third Amended Judgment. *See Parking Co. of Am. v. Wilson*, 57 S.W.3d 1, 3 (Tex. App.—Dallas 2000), *rev'd on other grounds*, 58 S.W.3d 742 (Tex. 2001) (judgment's substance, and not its caption, controls). We overrule Grishman's first issue.

Because the Forth Amended Judgment is a post-judgment order aiding in enforcement of the Third Amended Judgment, it is not a final judgment subject to appeal. *Walter*, 422 S.W.3d at

855.  Accordingly, we dismiss this appeal.  *See* TEX. R. APP. P. 43.2(f).


/Ada Brown/
ADA BROWN
JUSTICE


171057F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL GRISHMAN, Appellant

No. 05-17-01057-CV       V.

ROGER SIMS, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-02343.
Opinion delivered by Justice Brown; Justices Bridges and Boatright participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee ROGER SIMS recover his costs of this appeal from appellant MICHAEL GRISHMAN.

Judgment entered this 30th day of July, 2018.