**VACATE; REINSTATE and Opinion Filed July 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00132-CV**
_____

**IN THE INTEREST OF C.D.G., A.D.G. AND L.M.G., CHILDREN**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-55585-2013**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Appellant B.A. ("Wife") appeals the trial court's January 7, 2021, Nunc Pro Tunc Final Decree of Divorce ("Nunc Pro Tunc Judgment"), contending there is no evidence of a clerical error in the entry of the Final Decree of Divorce ("Original Judgment"). Because we agree that C.G.'s ("Husband") request for judgment nunc pro tunc was not available at law, we vacate the Nunc Pro Tunc Judgment and reinstate the Original Judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On or about September 16, 2014, Judge John Roach signed the Original Judgment dissolving the marriage of Wife and Husband. A prove up hearing was conducted that same day, at the conclusion of which,[1] Judge Roach stated:

> The Court finds, based upon the pleadings and the evidence, that the divorce should be granted and it is granted, effective today. The agreements, as contained in the Final Decree of Divorce [the Original Judgment], are both approved, adopted and rendered by the Court as its own order.[2]

The Original Judgment provided for ten years of contractual alimony to be paid by Husband to Wife and provided, in part:

> The Final Decree of Divorce is stipulated to represent a merger of the mediated settlement agreement between the parties.

> To the extent there exist any differences between the mediated settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

In 2020, Husband filed a motion for judgment nunc pro tunc seeking to change the term of contractual alimony from ten years to seven years, as set forth in the mediated settlement agreement ("MSA"). A hearing on Husband's motion was conducted via Zoom on November 30, 2020, at which counsel provided argument.

---

[1] At the prove up hearing, the Original Judgment was the only exhibit presented to the court, Wife was the only testifying witness, and she affirmatively indicated that there were no other agreements outside of those specified in the Original Judgment.

[2] The transcript from the prove up hearing is in the record before us, although it was not presented to the trial court in consideration of Husband's motion for judgment nunc pro tunc. Because we conclude Husband failed to present evidence to support his motion for judgment nunc pro tunc, we need not consider the import of the transcript from the prove up hearing in the disposition of this matter.

No evidence was presented at that hearing, and Husband did not attempt to establish when judgment was rendered in this case. He simply claimed that the discrepancy between the contractual alimony period in the MSA and the Original Judgment was a clerical or "scrivener's" error. On January 1, 2021, Judge Andrea Thompson, the then presiding judge of the 416th District Court, signed the Nunc Pro Tunc Judgment changing the term of contractual alimony as requested by Husband. This appeal followed. As discussed below, we conclude that reformation of the judgment by nunc pro tunc is not supported at law under controlling precedents.

## DISCUSSION

### I. Trial Court's Jurisdiction - Standard of Review

Whether a trial court retains jurisdiction is a legal question that we consider *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Pollard v. Pollard*, 316 S.W.3d 246, 248 (Tex. App.—Dallas 2010, pet. denied). In the context of a judgment nunc pro tunc, the decision as to whether an error in a judgment is judicial or clerical is a question of law. *Finlay v. Jones*, 435 S.W.2d 136 (Tex. 1968). However, whether the court pronounced judgment orally and the terms of the pronouncement are questions of fact. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). The judicial or clerical question becomes a question of law only after the trial court factually determines whether it previously rendered judgment and the judgment's contents. *Id.*

## II.    Plenary Jurisdiction

A trial court retains jurisdiction to vacate, modify, correct or reform a judgment for thirty days after it signs the judgment.  TEX. R. CIV. P. 329b(d).  The trial court's plenary power may be extended by the timely filing of an appropriate post-judgment motion, but it may not be extended more than 105 days after a judgment is signed.  *See* TEX. R. CIV. P. 329b(c), (e), (g).  A judgment or order rendered after a trial court loses its plenary power is generally void.  *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Hines v. Villalba*, 231 S.W.3d 550, 553 (Tex. App.—Dallas 2007, no pet.).

A trial court, however, has an affirmative duty to enforce its judgment and retains authority to do so even after its plenary power over a judgment expires.  *See* TEX. R. CIV. P. 308; TEX. GOV'T CODE ANN. § 21.001; *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Hines*, 231 S.W.3d at 553.  The trial court's authority is limited though; after its plenary power over a judgment expires, it "may not issue an order that is inconsistent with the final judgment or constitutes a material change to the judgment."  *Hines*, 231 S.W.3d at 553.

## III.   Judgment Nunc Pro Tunc – Judicial vs. Clerical Error

After a trial court loses it jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc.  *Escobar*, 711 S.W.2d at 231.  "In this regard, the trial court has plenary power to correct a clerical error made in *entering* final judgment."  *Id.* (emphasis original).  "However, the trial court cannot

–4–

correct a judicial error made in *rendering* a final judgment." *Id.* (emphasis original). A typographical or drafting error in the final judgment thus does not amount to a clerical error. *See Rawlins v. Rawlins*, 324 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *In re Guardianship of Winn*, 372 S.W.3d 291, 300 (Tex. App.—Dallas 2012, no pet.).

The focus is therefore on the actions of the court, not the parties. Thus, the mere fact that the parties entered into an MSA or filed it with the court, without more, does not translate that act into the entry of a judgment thereon by the court. A judicial error is an error which occurs in the *rendering* as opposed to *entering* of a judgment. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970) (emphasis added). If the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary power expires. *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

When deciding whether a correction is a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *Escobar*, 711 S.W.2d at 231. A judgment is "rendered" when the decision is officially announced either orally in open court or by memorandum filed with the clerk. *Comet*, 450 S.W.2d at 58. On the other hand, a judgment is "entered" after

being signed by the trial court judge. *Collin Cty. Appraisal Dist. v. Ne. Dallas Assocs.*, 855 S.W.2d 843, 847 (Tex. App.—Dallas 1993, no writ).

The nunc pro tunc requirement is satisfied only if there is some evidence that the trial court had, at some point before the original order was entered, rendered judgment inconsistent with the language actually entered in the original order. *Hernandez*, 288 S.W.3d at 186. If nothing in the record shows that there is a discrepancy between the judgment as rendered and the judgment as entered, we are compelled to hold that the error in the signed final judgment was a judicial error and thus a judgment nunc pro tunc cannot stand. *Rawlins*, 324 S.W.3d at 856–57.

## IV. Analysis

The critical issue in this case is when the judgment of the trial court was *rendered*. There is no evidence in the record before us that sometime before the trial court signed the Original Judgment it had rendered a judgment with a seven-year payment provision either orally in open court or by memorandum filed with the clerk. Contrary to Husband's assertion, the fact that the parties may have filed the MSA with the court prior to the entry of judgment is not evidence that the trial court had orally "rendered" judgment on that agreement prior to signing the Original Judgment. The filing of the MSA is simply an act of the parties, not the court.

We conclude, therefore, that rendition of the trial court's judgment is reflected in the September 16, 2014 Original Judgment. *See Dikeman v. Snell*, 490 S.W.2d 183, 184 (Tex. 1973) (orig. proceeding); *Yabarra v. Hernandez*, No. 05-98-01238-

–6–

CV, 2001 WL 287041, at *2 (Tex. App.—Dallas March 26, 2001, no pet.). When, as here, there is no difference between the judgment as rendered and the judgment as entered, any error in the judgment is judicial error, and a judgment nunc pro tunc after plenary jurisdiction expires is improper. *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 878 (Tex. App.—San Antonio 1995, writ denied). Rather, the legal error, if any, in the judgment is subject to correction by new trial or appeal or, perhaps, in equity.

Accordingly, we sustain Wife's first issue and pretermit consideration of her second issue urging the Nunc Pro Tunc Judgment was improper because the Original Judgment included a provision that in the event of any differences between the parties' MSA and the final decree, the final decree will control. TEX. R. APP. P. 47.1.

### CONCLUSION

We understand why the trial court entered the Nunc Pro Tunc Judgment, but it was not the proper vehicle through which to make a substantive change to the Original Judgment as it was rendered. Because the trial court erroneously entered a judgment nunc pro tunc to correct a judicial error, we vacate the Nunc Pro Tunc Judgment and reinstate the Original Judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210132F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF C.D.G.,
A.D.G. AND L.M.G., CHILDREN,

No. 05-21-00132-CV

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-55585-
2013.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

In accordance with this Court's opinion of this date, we **VACATE** the January 7, 2021, Nunc Pro Tunc Final Decree of Divorce and **REINSTATE** the Final Decree of Divorce.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 15th day of July 2022.