**Dismiss and Opinion Filed December 2, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00677-CV

**NOVO POINT, LLC AND QUANTEC, LLC, Appellants**
**V.**
**ELISSA KATZ, CHRISTOPHER A. PAYNE, AND**
**SANDLER SIEGEL PLLC, Appellees**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-01512-2014**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Carlyle
Opinion by Chief Justice Burns

Appellants, limited liability companies that "register, purchase, monetize, and/or develop domains," filed this suit in April 2014, following a separate suit in federal court that resulted in the establishment of a receivership over the assets of Jeffrey Baron, the beneficiary of a trust of which appellants are 100% subsidiaries. Appellees Elissa Katz and Christopher Payne "manage and control" appellants. In filing this suit, appellants sought, among other relief, a declaration that Katz and Payne lack authority to manage or represent appellants and a declaration that non-party David McNair is appellants' "duly appointed manager." Baron intervened,

seeking similar relief. The appeal, filed on July 11, 2023, following a timely motion to modify judgment, challenges the trial court's March 28, 2023 order, which clarified and addressed certain orders signed in 2015 and 2016 by a predecessor judge, dismissed appellants' claims, and severed Baron's claims from appellants' claims so as to make the order final and appealable.

Pending before the Court are appellants' motion for a fifteen-day extension of time to file their notice of appeal and Katz's motion to dismiss the appeal for want of jurisdiction for being "eight-years out of time."[1] *See Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) (timely filing of notice of appeal is jurisdictional). For the reasons that follow, we agree with Katz that the appeal is "several years too late." Accordingly, we deny appellants' extension motion and grant Katz's motion to the extent we vacate the appealed order as void and dismiss the appeal.

## BACKGROUND

At the heart of Katz's motion to dismiss are the trial court's December 31, 2015 order granting non-party to this appeal Gary Schepps's motion to dismiss Baron's intervention claims against Schepps and August 26, 2016 order striking appellants' pleadings and dismissing their claims. As reflected in the record, appellants' live pleading at the time these orders were signed was their April 22, 2014 original petition, which asserted claims against Katz, Payne, and Payne's law

---

[1] This appeal was abated for several months due to bankruptcy proceedings.

firm Sandler Siegel PLLC. [2] Baron's live pleading, filed on behalf of the trust and himself as well as conditionally on behalf of appellants, was his December 3, 2015 amended plea in intervention. Like appellants' petition, Baron's amended plea asserted claims against Katz, Payne, and Sandler Siegel, as well as non-parties to the appeal Schepps, Domain Vault, LLC, and Domain Protection, LLC. [3] No counter- or cross-claims were asserted.

Both appellants' petition and Baron's amended plea asserted claims for

- declaratory judgment;
- accounting;
- breach of fiduciary duty;
- conversion;
- negligence;
- fraud;
- money had and received;
- property had and received;
- conspiracy;
- injunctive relief, including a temporary restraining order;
- attorney's fees; and
- punitive damages.

---

[2] Appellants' petition also named as defendants Domain Holdings Group, Inc., Fabulous Pty, Name.Com, Inc., and Does 1-15, and they appear in the style of the appealed order. However, they were not served with citation, and the record does not reflect they otherwise appeared. Accordingly, they are not parties to the suit. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam) (merely being named as defendant does not make one party to lawsuit); *see also Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (when named defendant is never served with citation and does not answer, "case stands as if there had been a discontinuance" as to that defendant).

[3] Baron's amended plea also asserted claims against Fabulous Pty, Name.com, and Does 1-15, but as stated, they never appeared and were not served with citation. *See Baker v. Monsanto Co.*, 111 S.W.3d 158, 160 (Tex. 2003) (per curiam) (quoting 1 MCDONALD AND CARLSON, TEXAS CIVIL PRACTICE § 5:81 at 609 (1992 ed.)) ("Citation is necessary when the intervenor asks [for] affirmative relief against a defendant who has not appeared[.]").

Further, appellants' petition asserted claims for violation of the Texas Theft Liability Act, tortious interference, and breach of contract, while Baron's amended plea asserted additional claims for constructive trust, fraudulent transfer, and disgorgement. Baron's amended plea also requested "findings of defalcation, embezzlement, and actual intent to defraud."[4]

Schepps moved to dismiss Baron's claims against him under the Texas Citizens' Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. On December 31, 2015, following a hearing, the trial court signed an order, which, in relevant part, reads as follows:

> [It] is ORDERED, ADJUDGED AND DECREED that the Texas Citizens' Participation Act Motion of Gary Schepps is hereby GRANTED.
>
> It is further ORDERED, ADJUDGED AND DECREED that Intervenor-Plaintiff, Jeffrey Baron, individually, and on behalf of, and as Settlor and Beneficiary of The Village Trust and the Trustee of the Village Trust, shall take nothing by and through his claims against Intervenor-Defendant Gary Schepps in the above-entitled and numbered cause and his claims for:
>
> • Accounting;
> • Breach of Fiduciary Duty;

---

[4] With respect to this request, the amended plea states

> P. REQUEST FOR FINDINGS OF DEFALCATION, EMBEZZLEMENT AND ACTUAL INTENT TO DEFRAUD.

> 170. The Court should make findings at the conclusion of this case that Defendants Katz and Payne engaged in embezzlement and defalcation of Baron's property, fraudulent transfer and conversion of property with the actual intent to defraud.

> 171. Such Defendants engaged in fraud on Intervenor to obfuscate, hinder and delay the return of his property, for the purposes of enabling said Defendants to embezzle, defalcate, and convert such property.

–4–

- Constructive Trust;
- Conversion;
- Negligence;
- Fraud (Page 23 of Plea in Intervention);
- Fraud (Page 24 of Plea in Intervention);
- Money Had and Received;
- Property Had and Received;
- Conspiracy;
- Fraudulent Transfers;
- Disgorgement;
- Injunction against Conspirators;
- Request for TRO;
- Request for Temporary Injunction;
- Request for Permanent Injunction;
- Request for Findings of Actual Intent to Hinder, Delay and Defraud;
- Request for Declaratory Judgment;
- Punitive damages; and
- Attorney's fees.

It is further ORDERED, ADJUDGED AND DECREED that each of the stated claims enumerated above are hereby DISMISSED WITH PREJUDICE.

Several months later, on August 26, 2016, the trial court granted Sandler Siegel's motion challenging appellants' counsel's authority to prosecute the suit, struck "all pleadings" filed by counsel, and dismissed "all claims asserted therein."

## DISCUSSION

In arguing the appeal should be dismissed as untimely, Katz asserts that the trial court's order on Schepps's motion dismissed all of Baron's intervention claims, not just the claims against Schepps, because it dismissed "each of the stated claims enumerated above[,]" which were all of the live claims in Baron's amended plea. And because following that order, the only claims remaining were appellants'

claims, Katz argues the order granting Sandler Siegel's motion dismissing all of appellants claims constituted a final judgment from which the trial court's plenary power and appellate deadlines ran. We agree.

The date the trial court signs a final judgment is critical to a trial court's and appellate court's jurisdiction as the date triggers the running of the trial court's plenary jurisdiction and the deadline for filing a notice of appeal. *See Baker v. Bizzle*, 687 S.W.3d 285, 291 n.13 (Tex. 2024); *see also* TEX. R. CIV. P. 306a(1) (trial court's plenary power); TEX. R. APP. P. 26.1 (appellate deadline). Under Texas Rule of Civil Procedure 329b(d), a trial court retains plenary power over a case for thirty days after a final judgment is signed. *See* TEX. R. CIV. P. 329b(d). If a motion for new trial is timely filed, the trial court retains plenary power until thirty days after all such timely filed motions are overruled, by either signed order or operation of law, whichever occurs first. *See id.* 329b(e). Once the trial court's plenary power has expired, the trial court's jurisdiction to act is limited,[5] and orders issued outside the trial court's plenary power are typically void. *See Hines v. Villalba*, 231 S.W.3d 550, 552 (Tex. App.—Dallas 2007, no pet.).

Similar to the thirty-day period in rule 329b(d), appellate rule 26.1 provides a thirty-day deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.1. If a request

---

[5]  A trial court's jurisdiction after its plenary power has expired is limited to (1) correcting clerical errors in the judgment, *see* TEX. R. CIV. P. 329b(f); (2) declaring a previous judgment or order void for being signed outside the trial court's plenary power, *see id.*; (3) supervising post-judgment discovery conducted to aid in the enforcement of judgment, *see id.* 621a; and (4) enforcing its judgment, *see id.* 308.

for finding of facts and conclusions of law or motion to reinstate or modify or for new trial is timely filed, the deadline is ninety days. *See id.* 26.1(a). Either deadline can be extended fifteen days upon the filing of a motion reasonably explaining the need for an extension. *See id.* 10.5(b), 26.3.

For purposes of the trial court's plenary jurisdiction and appellate deadline, a judgment issued without a conventional trial on the merits, as here, is final if it actually disposes, or clearly and unequivocally states it finally disposes, of all parties and claims as delineated in the live pleadings. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *Perez v. Perez*, 658 S.W.3d 864, 869 (Tex. App.—El Paso 2022, no pet.); *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 478 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (mem. op.). When claims are determined by different orders, the order that disposes of the remaining parties and issues is final and triggers the running of the trial court's jurisdiction and the deadline for the filing the notice of appeal. *See Lehmann*, 39 S.W.3d at 200; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).

As Katz argues, although only Schepps moved for dismissal of Baron's claims, the trial court's order on Schepps's motion dismissed all of Baron's intervention claims, not just the claims against Schepps. The order listed all the live claims in Baron's amended plea and specifically dismissed with prejudice each of the enumerated claims. An order that grants more relief than requested may be

subject to reversal, but the granting of more relief does not negate the disposition. *See Lehmann*, 39 S.W.3d at 204.

Baron's claims having been dismissed, the only claims remaining following the order on Schepps's motion were appellants' claims. When those claims were dismissed in August 2016 on Sandler Siegel's motion, the order dismissing the claims constituted a final judgment from which the trial court's plenary power and appellate deadlines ran. *See id.* at 200; *Farmer*, 907 S.W.2d at 496.

Because the trial court disposed of all claims in the two live pleadings in this suit by its December 31, 2015 and August 16, 2016 orders, the trial court had no jurisdiction to sign the appealed March 2023 order, and the deadline for appealing ran from August 16, 2016. *See Barker*, 687 S.W.3d at 291 n. 13. Having been filed seven years later, the appeal is untimely, and we lack jurisdiction over the appeal. *See* TEX. R. APP. P. 26.1; *Mitschke*, 645 S.W.3d at 260.

When, as here, an appeal is taken from an order signed outside a trial court's plenary jurisdiction, we may vacate the order as void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). Accordingly, we vacate the trial court's March 28, 2023 order, deny appellants' motion to extend time to file the notice of appeal, grant Katz's motion, and dismiss the appeal.

230677f.p05

/Robert D. Burns, III//
ROBERT D. BURNS, III
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NOVO POINT, LLC AND
QUANTEC, LLC, Appellants

No. 05-23-00677-CV     V.

ELISSA KATZ, CHRISTOPHER A.
PAYNE, AND SANDLER SIEGEL
PLLC, Appellees

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-01512-2014.
Opinion delivered by Chief Justice
Burns, Justices Molberg and Carlyle
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's March 28, 2023 "Orders on Motion for Clarification, Severance, Etc." and **DISMISS** the appeal.

We **ORDER** that appellees Elissa Katz, Christopher A. Payne, and Sandler Siegel PLLC recover their costs, if any, of this appeal from appellants Novo Point, LLC and Quantec, LLC.

Judgment entered this 2nd day of December, 2024.